UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KATHY G.[1], | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-00416-RLY-MJD |
| | ) |
| ANDREW M. SAUL, Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**ENTRY ON MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Kathy J. Gayle has been diagnosed with multiple sclerosis ("MS"), vision limits, migraines, and depression. In the fall of 2015, she applied for, and was denied, Social Security Disability Benefits under Title II of the Social Security Act. On December 22, 2017, an Administrative Law Judge ruled that she was not disabled. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner.

On January 28, 2019, Plaintiff filed the present action seeking judicial review of the Commissioner's decision. Pursuant to 28 U.S.C. § 636, the court referred the matter to the Magistrate Judge and, on November 4, 2019, the he recommended that the court reverse and remand the Commissioner's decision. The Commissioner objects. For the

---

[1] In an attempt to protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

1

reasons explained below, the court **ADOPTS** the Report and Recommendation **with modifications**.

**Issue 1: Dr. Josephson's Multiple Sclerosis Medical Source Statement**

The Magistrate Judge found the ALJ erred by failing to articulate an appropriate rationale for not granting controlling weight to the opinion of Plaintiff's treating physician, Dr. David Josephson. The court adopts this recommendation with modifications.

The ALJ gave the Dr. Josephson's Multiple Sclerosis Medical Source Statement little weight for two reasons. First, Dr. Josephson opined that although the severity of Plaintiff's symptoms was not significant, "the symptoms are present and prevent her from working." Second, Dr. Josephson's medical source statement appeared in a checklist-style form that was completed at the request of the Plaintiff and included conclusions about the Plaintiff's functional limitations with little support. (Filing No. 5-2 at 32; Filing No. 5-8 at 388).

Relying *Barnett v. Barnhart*, 381 F.3d 664, 669 (7th Cir. 2004), the Magistrate Judge found that because "the record was inadequately developed," the ALJ "should have re-contacted Dr. Josephson for clarification of his medical opinion, asking for more detail regarding [Plaintiff's] limitations due to the severity of her symptoms and requesting an explanation of the seemingly inconsistent statement on the form." (Filing No. 12 at 9). The Commissioner objects, arguing this was not an issue raised by the parties and, in any event, the ALJ was under no obligation to re-contact Dr. Josephson.

2

"An ALJ is entitled to evaluate the evidence and explanations that support a medical source statement." *Simila v. Astrue*, 573 F.3d 503, 516 (7th Cir. 2009). But an ALJ "need not recontact the source every time []he undertakes such an evaluation, but only if, as we said in *Barnett*, 'the medical support is not readily discernable.'" *Id.* (quoting *Barnett v. Barnhart*, 664, 669 (7th Cir. 2004)); *see also Skinner v. Astrue*, 478 F.3d 836, 843 (7th Cir. 2007) ("ALJs may contact treating physicians for further information when the information already in the record is 'inadequate' to make a determination of disability . . . ."). Here, the ALJ did not find the bases for Dr. Josephson's opinion was unclear or that his opinion was incomplete. Instead, the ALJ found he gave "very little rationale for [his] conclusions." (Filing No. 5-2 at 32). Accordingly, the Commissioner's objection is **SUSTAINED**.

That said, the Magistrate Judge was correct in finding the ALJ erred in weighing Dr. Josephson's opinion. The Commissioner's objection on this ground is therefore **OVERRULED**. The court modifies the recommendation by adding that there is no indication in the ALJ's written decision that he was aware that Dr. Josephson, a neurologist, is an appropriate treating specialist for the Plaintiff's MS. The ALJ merely states, "I have considered the medical source statement of David Johnson[2], M.D. one of the claimant's treating providers, dated May 20, 2016 (Exhibit 10F/2-5)." (Filing No. 5-3 at 33). The social security regulations generally favor the opinion of a medical source with an examining relationship, 20 C.F.R. § 404.1527(c)(1), a treating relationship, 20

---

[2] The ALJ referred to Dr. Josephson as "Dr. Johnson" in his written decision.

3

C.F.R. § 404.1527(c)(2), and in the area of his or her specialization, 20 C.F.R. § 404.1527(c)(5).

Additionally, the Commissioner has not pointed to any authority for the proposition that checklist-style forms are to be given less weight. Indeed, the social security regulations instruct the ALJ to consider "consistency" with "the record as whole" when determining the weight that should be given a medical opinion. 20 C.F.R § 404.1527(c)(4). As the Commissioner observes, the regulations also instruct the ALJ to consider the "supportability" of a medical opinion, which refers to the relevant evidence presented by the source to support the opinion, "particularly medical signs and laboratory findings." 20 C.F.R. § 404.1527(c)(3). But the supportability factor is more relevant to weighing the opinions from "nonexamining sources." *Id.* ("[B]ecause nonexamining sources have no examining or treating relationship with you, the weight we will give their medical opinions will depend on the degree to which they provide supporting explanations for their medical opinions."). Presumably, the relative distinction is appropriate because treating or examining opinions can be compared for consistency with their corresponding treating notes or examination findings. *See Schaaf v. Astrue*, 602 F.3d 869, 875 (7th Cir. 2010) ("A treating source statement can be discounted if not properly explained and the treating notes do not provide any further clarification or support with objective signs.")

There is no evidence that the ALJ evaluated Dr. Josephson's treatment notes to determine if the assessed functional limitations were further explained and/or supported

4

by the record. Reconsideration of the treating specialist's opinion is necessary in accordance with these authorities.

**Issue 2: Subjective Symptoms Assessment**

The Magistrate Judge found that the ALJ failed to sufficiently support his subjective symptom assessment. The Commissioner objects. Having reviewed the Report and Recommendation and the Commissioner's objection, the court adopts the recommendation with one modification. The Commissioner's objection is therefore **OVERRULED**.

The ALJ discounted the Plaintiff's allegations of disabling symptoms and limitations for several reasons, one of which was because her "treatment has been essentially routine and/or conservative in nature." (*Id.*). The court modifies the recommendation by adding that treatment with a specialist like Dr. Josephson is relevant to the ALJ's determination that the plaintiff's treatment was routine and/or conservative. This was not addressed by the ALJ.

**Issue 3: Visual Limitations**

In determining Plaintiff's residual functional capacity, the Magistrate Judge found that the ALJ failed to consider Plaintiff's central vision impairment and her need for "good light to read and good contrast between print and background." (Filing No. 5-8 at 379). In his opinion, the ALJ noted only that Dr. Fennimore reported "[Plaintiff's] best corrected vision in both eyes was at least 20/30" and that she "had no problem avoiding ordinary hazards in an office environment." (Filing No. 5-2 at 32). The ALJ's omission, the Magistrate said, warranted remand to determine whether Plaintiff's visual

impairments affect her ability to work. (Filing No. 5-2 at 13). The Commissioner objects, arguing the ALJ's omission was, at best, harmless error.

Social Security Ruling ("SSR") 96-8 requires that the "RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p (S.S.A. July 2, 1996), 1996 WL 374184 at *7. "Social Security Rulings are binding on all components of the Social Security Administration." 20 C.F.R. § 402.35(b)(1).

There is no indication that the VE took into consideration that Plaintiff's work environment must be limited to account for her problems with central acuity. Therefore, the court cannot conclude that the ALJ's failure to address the conflicting medical opinion was harmless. Accordingly, the Commissioner's objection is **OVERRULED**.

**Conclusion**

Based upon a review of the record, the court **SUSTAINS in part** and **OVERRULES** in part the Commissioner's Objection (Filing No. 13) and **ADOPTS** the Magistrate Judge's Report and Recommendation (Filing No. 12) **with modifications**. The Commissioner's decision finding the Plaintiff is not disabled under sections 216(i) and 223(d) of the Social Security Act is therefore **REVERSED** and **REMANDED**. **SO ORDERED** this 17th day of March 2020.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.